# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOHN A. BEATTY,

        Petitioner,    :    Case No. 2:22-cv-2241

  - vs -        District Judge Michael H. Watson
        Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional
  Institution,

        :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner John Beatty pursuant to 28 U.S.C. § 2254, is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 10), the Return of Writ (ECF No. 11), and the Petitioner's Reply (ECF No. 12). Over Petitioner's opposition (ECF No. 17), Respondent was permitted to file a response to the Reply (ECF No. 15).

The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 18).

**Litigation History**

On January 23, 2019, a Muskingum County Grand Jury indicted Beatty on one count of aggravated burglary (Count 1), one count of aggravated robbery (Count 2), one count of felonious

1

assault on a peace officer (Count 3), one count of failure to comply with order or signal of police officer (Count 4), two counts of vandalism (Counts 5 and 6), and one count of possession of criminal tools, including the forfeiture specification (Count 7) in case number CR2019-0035. (Indictment, State Court Record, ECF No. 10, Exhibit 1). Beatty was committed on his counsel's motion, for a competency evaluation. He was then indicted for an escape during that commitment. *Id.* at Ex. 7.

On February 19, 2020, Beatty withdrew his original plea of not guilty and entered a plea of guilty to Count One-aggravated burglary, Count Three-assault on a peace officer as amended from felonious assault, Count Five-vandalism and Count Seven-possession of criminal tools in case number CR2019-0035. *Id.* at Exhibit 11. The parties agreed to recommend eleven years in prison, restitution in the amount of $11,019.86, and forfeiture of the 1997 Toyota Tacoma that was seized in this matter. *Id.*

After sentence, Beatty appealed to the Ohio Fifth District Court of Appeals, which affirmed. *State v. Beatty*, 2021-Ohio-355 (Ohio App. 5th Dist. Feb. 8, 12021). The Supreme Court of Ohio accepted Beatty's appeal, but held briefing pending a decision in *State v. Maddox. State v. Beatty,* 163 Ohio St.3d 1439 (2021). On April 27, 2022, the Ohio Supreme Court reversed and remanded to the Court of Appeals for proceedings consistent with its decision in *Maddox*.

On April 26, 2021, Beatty moved to reopen his direct appeal under Ohio R. App. P. 26(B) (State Court Record, ECF No. 10, Ex. 29). The Fifth District denied the Application. *Id.* at Ex. 31. The Supreme Court of Ohio declined to accept appellate jurisdiction. *State v. Beatty,* 164 Ohio St.3d 1432 (2021).

Upon remand from the Supreme Court of Ohio on direct appeal, the Fifth District determined that application of the Reagan Tokes Act did not violate Beatty's constitutional rights. *State v. Beatty,* 2022 Ohio 2394 (Ohio App. 5th Dist. Jul. 8, 2022). Beatty, *pro se*, filed an appeal of the July 8, 2022, Judgment Entry to the Ohio Supreme Court under Case No. 22-1024. On November 8, 2022, that court

accepted the appeal and held it for decision in two other cases. Magistrate Judge Jolson raised a concern that the pendency of that case might make Beatty's claims unexhausted (ECF No. 2). However both Petitioner and Respondent have clarified that the claims raised in that case are not presented in this habeas corpus case (ECF Nos. 3, 11).

Beatty filed his habeas corpus Petition by depositing it in the prison mail system on May 12, 2022. He pleads the following grounds for relief:

> **Ground One**: Ineffective Assistance of Appellate Counsel
>
> **Supporting Facts**: It is recognized that the strength of this claim is dependent upon the merits of the ancillary claims appellate counsel failed to raise. Appellate counsel had a duty to me to protect my substantive interests and rights. However, appellate counsel failed at this duty by allowing an unlawful conviction to go unchallenged and allowing the state's inefficient enforcement of the law to go unchallenged. Both of these subclaims were overruled pursuant to the state appellate court's enlargement of a definite and precise statute. *Bouie v. City of Columbus[sic],* 378 U.S. 347, 353 (1964).
>
> **Ground Two:** Guilty Plea to Aggravated Burglary was invalid because it came to less than all the elements of offense.
>
> **Supporting Facts:** A guilty plea is an admission of all the elements of a formal criminal charge. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). In order for a plea to be valid, factual guilt must be established. *Menna v. New York*, 423 U.S. 61, 62 at fn. 2. Albeit Ohio does not require oral presentation of factual basis supporting plea, a defendant becomes victim to "selective enforcement of criminal laws when elements are not supported by facts". *Oyler v. Boles,* 368 U.S. 448, 456 (1962). The facts of CR2019-0035 establish that I was charged and convicted of aggravated burglary to a Walmart store. This was affirmed even though a Walmart store does not meet the legal definition of an "occupied structure". *State v. Calderwood,* 194 Ohio App.3d 438, 2011-Ohio-2913,¶15 (The relevant inquiry in determining whether a structure is occupied concerns the residential purpose of the dwelling, rather than presence or absence of an occupant); *State v Johnson*, 188 Ohio App.3d 438, 2010-Ohio-3345, ¶18 (structure must be dedicated or intended for residential use); *State v. Green*, 18 Ohio App.3d 69 (1984) and *State v. Bock,* 16 Ohio App.3d 146 (1984) (whether permanently or temporarily occupied) and *State v. Wilson*, 58 Ohio St.2d 52, 58-59 (1979) (A structure must be occupied as a permanent

or temporary habitation, as aggravated burglary is designed to protect homes, not businesses). A Walmart store fails on each touchstone.

The state appellate court enlarged O.R.C. §2911.11(A) to include an open business as an "occupied" structure, based upon a civil notice to me. Consequently, the course of proceedings, or mode of conviction, offends the canons of decency and fairness. *Rochin v. California,* 342 U.S. 165, 169 (1952).

**Ground Three**: A state court is without jurisdiction to convict and punish where the demands of a statute of limitations is not met. (sic)

**Supporting Facts**: It is a well-known tenet, in Ohio, that the time which an incarcerated defendant must be brought to trial is governed by O.R.C. §2941.401, not O.R.C. §2945.71 et seq. The Legislature has obligated the state to notify an accused person, in writing, who is incarcerated of the right to demand speedy disposition of any pending information, indictment or complaint and the source and contents of such. An inmate's AWARENESS OF ANY pending indictment and rights does not satisfy the notification requirements of O.R.C. §2941.401. By permitting avoidance of this initial duty, the purpose of O.R.C. §2941.401. By permitting avoidance of this initial duty, the purpose of O.R.C. §2941.401 would be circumvented and the state would be relieved of its legal burden to try cases within time constraints imposed by law. *State v. Dillon*, 144 Ohio St.3d 154, 2007-Ohio-3617, ¶23.

Stated differently, the Ohio [G]eneral Assembly, in its wisdom, has elected to obligate the state with the initial duty to notify thee (sic) incarcerated accused of his right to make demand for speedy disposition of pending information, indictment or complaint. It would nullify the entire purpose of O.R.C. §2941.401 if failure to give notice of right would operate to relieve the state of its legal burden to try cases within rule. *State v. Fitch* (5th Dist. 1987), 37 Ohio App.3d 139, 162. This is the rationale of the very state appellate court I was before. Yet, these same principles and tenets didn't apply to me. It has also been ruled that absent advice from the prosecution, time limits must be viewed as commencing upon first triggering event. *State v. Brown* (1998), 131 Ohio App.3d 387, 492, citing *State v. Martin* (1984), 16 Ohio App. 3d 172; *Fitch, supra.*

Consequently, the state appellate court enlarged its previous interpretation of O.R.C. §2941.401 and denied me due process and equal protection of the law. *Bouie, supra.* O.R.C. §2841.401 [sic] is considered a criminal statute of limitations and was designed to

4

>discourage this type of inefficient or dilatory law enforcement. *United States v. Marion,* 404 U.S. 307, 322 (1971), quoting *United States v. Ewell,* 383 U.S. 116, 122 (1966).

(Petition, ECF No. 6, PageID 86-93).

## Analysis

**Ground One:  Ineffective Assistance of Appellate Counsel**

In his First Ground for Relief**,** Beatty claims he received ineffective assistance of appellate counsel when his appellate attorney did not plead as assignments of error (1) that the trial court had improperly expanded the meaning of the phrase "occupied structure" in the aggravated burglary statute to include an open and occupied Walmart store and (2) that he had not been brought to trial within the time required by Ohio Revised Code § 2941.401.  These are the claims of ineffective assistance of appellate counsel Beatty made in his 26(B) Application and Respondent reads the Petition here as raising the same claims.  Beatty validates this reading by noting that his appellate attorney did not claim there was no jurisdiction to convict him because a Walmart store is not an occupied structure (Reply, ECF No. 12, PageID 470).

The governing standard for ineffective assistance of trial counsel was adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

>A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the

5

>defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

>Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel=s challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

>The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008).

6

The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Respondent asserts the Ohio Court of Appeals decision of Beatty's 26(B) Application is an objectively reasonable decision of the ineffective assistance of appellate counsel claim. Beatty's Reply makes no direct response to this assertion, merely claiming that it is contrary to *Smith v. Robbins* 528 U.S. 259, 288 (2000), and asserting without any analysis that the assignments of error he proposed are "clearly stronger" than those counsel did present (Reply, ECF No. 12, PageID 470).

Beatty's argument is not persuasive. As the Fifth District's decision on the 26(B) Application points out Beatty, pleaded guilty which amounts to, among other things, admitting the

7

underlying facts, including that the Walmart store was an occupied structure. One does not make an admission of that sort while reserving the power to claim after sentence that the admission was counterfactual. When Beatty moved to withdraw his guilty plea, he made no mention of this issue (State Court Record, ECF No. 10, Ex. 27).

When Betty moved to reopen his appeal, he claimed and was required to show how his ineffective assistance of appellate counsel claim about Walmart's not being an occupied structure was stronger than the claims actually made. He makes no effort to do so, so he cannot make the comparison required by *Strickland*.

Beatty's sole citation to authority is to *Bouie v. City of Columbia*, 378 U.S. 347 (1964)[1]. In that case, the Supreme Court struck down as unconstitutional a new judicial construction of a trespass statute which applied it to persons who failed to leave a store after notice, as opposed to the prior construction, in which it applied only to those who received notice prior to entry. In *Bouie*, the South Carolina Supreme Court had, by a new interpretation of the trespass statute which it applied retrospectively, made criminal conduct which was innocent when it was done: remaining in a place of public accommodation after being asked to leave when one had had no notice before entering the store that one was unwanted. By contrast, Beatty had already been notified that Walmart did not want him on the premises and entered anyway.

In sum, Beatty has made no showing – indeed nothing more than a conclusory claim – that his occupied structure argument is stronger than the arguments his appellate counsel made. Therefore the Fifth District's decision on this issue is entitled to deference under 28 U.S.C. § 2254(d) and Beatty's First Ground for Relief should be denied.

---

[1] *Bouie* involved a lunch counter sit-in by African-American students in protest of racial segregation of public accommodations.

**Ground Two: Invalid Guilty Plea**

In his Second Ground for Relief, Beatty makes a direct claim that his guilty plea is invalid because it was to fewer than all the elements of aggravated burglary. Here he challenges the conviction directly as opposed to challenging his appellate counsel's manner of dealing with it. He repeats here the arguments about why the Walmart store is not an occupied structure.

From one perspective, this claim is barred by Beatty's failure to raise it on direct appeal. He offers no excusing cause and prejudice except, perhaps implicitly, his claim that appellate counsel was ineffective in failing to raise it. But to rely on ineffective assistance of appellate counsel as excusing cause and prejudice, one must first present that claim to the state courts. *Edwards v. Carpenter*, 529 U.S. 446 (2000). Beatty has done so, but the Fifth District found the claim to be without merit and the Magistrate Judge has concluded that decision is entitled to deference. *Supra*, Ground One.

From another perspective, if the Court were to reach the merits, the claim would be without merit on the same basis as given under Ground One. Ground Two should therefore be dismissed.

**Ground Three: Failure to Try Within the Statute of Limitations**

In his Third Ground for Relief, Beatty claims he was not brought to trial within the statute of limitations set forth in Ohio Revised Code § 2949.401. Respondent asserts this claim is barred by procedural default. Because it was apparent on the face of the direct appeal record, it could have been raised on direct appeal. When it was not, it became barred by *res judicata* as stated in Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175

9

(1967), which is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). Any effort to excuse that procedural default with proof of ineffective assistance of appellate counsel is thwarted by Beatty's failure to establish that defense in his 26(B) Application. *Edwards v. Carpenter*, 529 U.S. 446 (2000).

Even if the Court were able to reach the merit of this claim, Beatty would not prevail. The triggering event for running of the 180-day time limit on trial is the delivery of a demand for trial by the prisoner. The Fifth District found Beatty had never delivered such a demand and Ohio Revised Code § 2949.401 therefore did not apply to him (Judgment Entry, State Court Record, ECF No. 10, Ex. 31, PageID 362). The question of interpretation of an Ohio statute is a question of Ohio law on which this Court is bound by the holdings of the Ohio courts. *Bradshaw v. Richey*, 546 U.S. 74 (2005). Therefore Ground Three is without merit and should be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 4, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
