# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOHN A. BEATTY,

        Petitioner,  :  Case No. 2:22-cv-2241

  - vs -                     District Judge Michael H. Watson
                                 Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional
  Institution,

                                :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner John Beatty pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 20) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 19). District Judge Watson has recommitted the case for reconsideration in light of the Objections (Order, ECF No. 21).

**Ground One: Ineffective Assistance of Appellate Counsel**

In his First Ground for Relief, Beatty claims he received ineffective assistance of appellate counsel when his appellate attorney did not plead as assignments of error (1) that the trial court had improperly expanded the meaning of the phrase "occupied structure" in the aggravated burglary statute to include an open and occupied Walmart store and (2) that he had not been brought to trial within the time required by Ohio Revised Code § 2941.401. The Report found that

1

2254(d)(1)Beatty had presented the omission of these two assignments of error to the Ohio Court of Appeals in his Ohio R. App. P. 26(B) Application for Reopening as grounds for finding he received ineffective assistance of appellate counsel.  The Ohio Fifth District Court of Appeals had decided Beatty's ineffective assistance of appellate counsel claim on the merits and Respondent defended that decision as an objectively reasonable application of the relevant Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668 (1984), and therefore entitled to deference under 28 U.S.C. § 2254(d)(1).

Beatty replied by claiming the Fifth District's decision was "contrary to *Smith v. Robbins* 528 U.S. 259, 288 (2000)", and by asserting without any analysis that the assignments of error he proposed were "clearly stronger" than those counsel did present (Reply, ECF No. 12, PageID 470). The Report disagreed, concluded Beatty's proposed assignment of error was not clearly stronger than those his counsel made, and recommended deferring to the Fifth District.

Beatty now objects:

> Magistrate Metz [sic] bases his recommendation on Ground One pursuant to a subjective analysis of the strength of Petitioner's two remaining grounds. Because it is debatable whether Petitioner stated a valid claim of a less than knowing and intelligent plea to aggravated burglary and further debatable whether any procedural default occurred, it goes without saying that these claims deserved to proceed further for adjudication of Ground One.

(Objections, ECF No. 20, PageID 537).  He concludes "the matter ought to be recommitted for an objective analysis of all three grounds." *Id.* at PageID 538.

It is unclear what distinction Beatty is drawing between "subjective" and "objective" analysis. When the Fifth District rejected Beatty's ineffective assistance of appellate counsel claim, it did not make an explicit comparison of the strength of the two omitted assignments of error with those actually pleaded.  Instead, it went directly to the prejudice prong of *Strickland* and

2

found that raising these two assignments would not probably have had an impact on the outcome of the case (Opinion, State Court Record, ECF No. 10, Ex. 31, PageID 360).  Because this is the same court which would have decided the omitted assignments if they had been raised, their conclusion that they would have rejected those claims is persuasive, whether it is "subjective" or "objective."

In any event it is not for this Court to say whether those assignments of error are stronger than the ones actually made, but rather to decide whether the Fifth District's conclusion is contrary to or an objectively unreasonable application of Supreme Court precedent.  *Williams v. Taylor*, 529 U.S. 362 (2000).

Beatty asserts the Fifth District's decision is contrary to *Smith v. Robbins* 528 U.S. 259 (2000).  "Under the 'contrary to' clause, a federal habeas court may grant the writ 'if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Lang v. Bobby*, 889 F.3d 803, 810 (6th Cir. 2018) (quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)).  Beatty offers no explanation of how he believes the Fifth District's decision is "contrary to" *Smith* and the Magistrate Judge finds *Smith* reiterates the applicability of *Strickland* to ineffective assistance of appellate counsel claims.

Beatty also offers no explanation of why the Fifth District's decision is somehow an unreasonable application of *Strickland*. If, as it held, the Fifth District would not have granted relief on either of the two omitted assignments of error, it was not ineffective assistance of appellate counsel to omit them.  The Fifth District gave reasons why it would have denied the relief and Beatty has not shown those reasons are specious.  Beatty's Objections as to Ground One should be overruled.

**Ground Two:  Invalid Guilty Plea**

In his Second Ground for Relief, Beatty claims that his guilty plea is invalid because it was to fewer than all the elements of aggravated burglary.  The Report found this claim was procedurally defaulted by Beatty's failure to raise it on direct appeal (Report, ECF No. 19, PageID 534).  The Objections say only that this conclusion is "debatable," but they give no argument as to why the procedural default analysis is wrong (ECF No. 20, PageID 537).

The Report also found Ground Two was without merit because Beatty had pleaded guilty to aggravated burglary and thereby admitted the factual basis for the conviction, including that the Walmart store was an "occupied structure." (ECF No. 19, PageID 533).  Beatty also made no mention of the "occupied structure" element when he moved to withdraw his guilty plea.

Beatty now objects that the Fifth District's decision on the validity of his plea is contrary to or an unreasonable application of *McCarthy v. United States*, 394 U. S. 459 (1969) and *Menna v. New York*, 423 U. S. 61 (1975).  *McCarthy* specified only what was necessary for a valid guilty plea under Fed. R. Crim. P. 11 including a finding by the trial judge that there is a factual basis for the plea.  *McCarthy* did not impose that as a *constitutional* obligation binding on the States; Fed. R. Crim. P. 11 binds only the lower federal courts in taking pleas.  In *Menna* the Court held that a defendant did not, by pleading guilty, waive his right to challenge the indictment on double jeopardy grounds.  Beatty makes no double jeopardy claim.  Both *McCarthy* and *Menna* are inapplicable to this case.

Beatty also objects that Walmart's trespass bar notice as served on him does not warn that its violation may be a felony, because "criminal trespass is a first degree misdemeanor in Ohio," not a felony (ECF No. 20, PageID 537).  Actually, criminal trespass is a fourth degree

4

misdemeanor in Ohio. Ohio Revised Code § 2911.21(D)(1). But that fact is irrelevant; there is no requirement of Ohio or federal law that a bar notice must advise a trespasser of the seriousness of possible violations; that depends on the circumstances of the trespass.

Beatty also objects that there was no bill of particulars in this case. But a criminal defendant pleads guilty to the offense in the charging document, not to facts which might be charged in some hypothetical bill of particulars. Under current Ohio practice, a bill of particulars would be generated only on demand of a defendant, not as a matter of course, and a bill of particulars is not a charging instrument.

Beatty charges the Report "split[s] hairs" over whether the appellate court expanded the meaning of "occupied structure" in violation of his rights to equal protection and due process as recognized in *Bouie v. City of Columbia*, 378 U.S. 347 (1964). But *Bouie* was a contested case: defendants did not admit that they had trespassed and the South Carolina Supreme Court had to expand the definition of trespass retroactively to cover their behavior. That is not what happened here. Rather, Beatty admitted that the structure in which he trespassed was an "occupied structure." By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 570 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

**Ground Three: Expiration of the Statute of Limitations**

In his Third Ground for Relief, Beatty claimed the statute of limitations for the offense with which he was charged had expired. Respondent asserted this Ground for Relief was barred by *res judicata* because it was available to Beatty on direct appeal but not raised as an assignment

of error. The Report recommended upholding this defense based on Ohio's long-standing *res judicata* doctrine in criminal cases, *State v. Perry,* 10 Ohio St. 2d 175 (1967).

Beatty objects that Ground Three is really a jurisdictional challenge and *res judicata* will not defeat a jurisdictional challenge because "jurisdiction can be attacked at any time." (Objections, ECF No. 20, PageID 538). Beatty did claim in his Petition that the trial court was without jurisdiction because the statute of limitations had expired (Petition, ECF No. 7, PageID 90). However, after Respondent raised the *res judicata* defense, Beatty defended Ground Three as involving a state-created liberty interest which could be protected in habeas corpus and said nothing about *res judicata*. He concluded his argument on Ground Three by stating in conclusory terms "Under well-settled state-law, the trial court loss [sic] jurisdiction to accept any pleas." However, he cites no such Ohio law and none is known to the Court. Nor does he cite any law for the proposition that a statute of limitations defense is exempt from the *res judicata* doctrine of *Perry*.

Apart from *res judicata*, the Report found in the alternative that Ground Three was without merit because

> the triggering event for running of the 180-day time limit on trial is the delivery of a demand for trial by the prisoner. The Fifth District found Beatty had never delivered such a demand and Ohio Revised Code § 2949.401 therefore did not apply to him (Judgment Entry, State Court Record, ECF No. 10, Ex. 31, PageID 362).

(Report, ECF No. 19, PageID 535). Beatty does not dispute that finding of fact or the Fifth District's conclusion of law that Ohio Revised Code § 2949.401 therefore did not apply. The Objections make no response to this alternative merits analysis.

6

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge adheres to his prior conclusion: the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 4, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge