## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

John A. Beatty,

        Petitioner,                      Case No. 2:22-cv-2241

      v.                             Judge Michael H. Watson

Warden Noble Correctional           Magistrate Judge Merz
Institution,

        Respondent.

## OPINION AND ORDER

John A. Beatty ("Petitioner") objects to aspects of the Report and

Recommendations ("R&R") issued by the Magistrate Judge in this habeas corpus

case. Obj., ECF Nos. 20 & 23. For the following reasons, the Court

**OVERRULES** Petitioner's objections.

## I.    BACKGROUND

In January 2019, Petitioner was indicted on seven counts, including a

count of aggravated burglary and a count of assaulting a peace officer ("Case

1"). State Record, ECF No. 10 at PAGEID # 106–08. While Case 1 was

pending, the state court committed Petitioner for a competency evaluation. *Id.* at

PAGEID # 120–21. Petitioner tried to escape the commitment and was indicted

for that attempt ("Case 2"). *Id.* at PAGEID # 126–27.

Later, Plaintiff pleaded guilty to one count of aggravated burglary, one

count of assaulting a peace officer, one count of vandalism, one count of

possession of criminal tools, and one count of escape. *Id*. at PAGEID # 149–55. The state court imposed an aggregate sentence for all counts of conviction in Cases 1 and 2 of eleven to twelve-and-a-half years' imprisonment. *Id*. at PAGEID # 150.

Petitioner appealed both cases to the Fifth District Court of Appeals, which affirmed the trial court. *Id*. at PAGEID # 157, 257–79. Petitioner then appealed issues related to only Case 2 to the Supreme Court of Ohio, which accepted his appeal and remanded to the Fifth District for reconsideration in light of an intervening Supreme Court of Ohio ruling. *Id*. at PAGEID # 281–315. In July 2022, the Fifth District again affirmed Petitioner's convictions and sentences. *Id*. at PAGEID # 384–90. And Petitioner again sought review by the Supreme Court of Ohio, which accepted his appeal. Nov. 8, 2022 Docket Entry, Supreme Court of Ohio Case No. 2022-1024, available at https://www.supremecourt.ohio.gov/clerk/ecms/#/caseinfo/2022/1024.

In the meantime, Petitioner moved to withdraw his guilty plea in both cases and applied to reopen his direct appeal as to Case 1. State Record, ECF No. 10 at PAGEID # 317–19, 323–52. In the application to reopen the direct appeal, Petitioner argued ineffective assistance of appellate counsel. *Id*. at PAGEID # 323–52. Both the motion and the application were denied. *Id*. at PAGEID # 321, 358–362. Petitioner appealed the denial of the application to reopen the appeal to the Supreme Court of Ohio, which declined to accept that appeal. *Id*. at PAGEID # 364–82.

Petitioner then filed this habeas petition, in which he raises three grounds for relief related to Case 1: (1) ineffective assistance of appellate counsel ("Ground One"); (2) Petitioner's plea of guilty to the aggravated robbery offense was invalid ("Ground Two"); and (3) the state court lacked jurisdiction over his case ("Ground Three"). Pet., ECF No. 6.

## II.    REPORT AND RECOMMENDATION

Pursuant to the Court's General Orders, Magistrate Judge Merz issued an R&R on Petitioner's Petition. R&R, ECF No. 19. The R&R recommends dismissing Ground One because Petitioner did not show his appellate counsel ignored any arguments stronger than the ones appellate counsel did make and dismissing Grounds Two and Three as procedurally defaulted or, in the alternative, without merit. *Id*. Petitioner timely objected to various portions of the R&R, ECF No. 20, and the Court recommitted the matter to the Magistrate Judge for further consideration, ECF No. 21. The Magistrate Judge then issued a Supplemental R&R, which still recommended dismissing all three Grounds. Supp. R&R, ECF No. 22. Petitioner has timely objected to the Supplemental R&R. ECF No. 23.

## III.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court determines de novo those portions of the R&R that were properly objected to.

## IV. ANALYSIS

### A. Ground One

Petitioner argues his appellate counsel was ineffective. Pet., EF No. 6. Specifically, he argues that his appellate counsel did not raise the following arguments in Petitioner's direct appeal: (1) the trial court improperly expanded the meaning of "occupied structure" for purposes of the aggravated burglary statute; and (2) the trial court lacked jurisdiction over Petitioner's case because it was brought outside the statute of limitations. Reply 2–3, ECF No. 12.

Both R&Rs conclude that Ground One lacks merit and recommend dismissal of the same. R&Rs, ECF Nos. 19 & 22. Petitioner objects, arguing that the Magistrate Judge used the wrong legal standard for the ineffective assistance of counsel claim. Obj., ECF No. 23.

Petitioner argued ineffective assistance of appellate counsel in his application to reopen the direct appeal. State Record, ECF No. 10 at PAGEID # 323–52. The Fifth District denied the application, reasoning as follows:

> In *Strickland v. Washington,* the United States Supreme Court held in order to establish a claim for ineffective assistance of counsel, the appellant must show counsel's performance fell below an objective standard of reasonable representation, and but for counsel's error, the result of the proceedings would have been different.
>
> * * *
>
> Appellant argues his appellate counsel was ineffective in failing to raise on appeal he could not be convicted of aggravated burglary on his plea of guilty because the alleged victim was Walmart, which is a business open to the public.
>
> * * *

A guilty plea constitutes "an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." . . .  Because Appellant entered a guilty plea to aggravated burglary, all issues of factual guilt are removed from the instant case, and Appellant has not demonstrated a reasonable probability of a change in the outcome had counsel raised this issue on direct appeal.   Further, the record in this case demonstrates Appellant had been placed on a "no trespass" list at the Walmart in question, and therefore could be found to be a trespasser when he entered the store.  While Walmart was "open" to the general public, it was not "open" to him.

Appellant's first claim of ineffective assistance of appellate counsel is overruled.

Appellant argues his trial counsel was ineffective in failing to raise a claim he was not brought to trial within 180 days pursuant to R.C. 2941.401 . . .

* * *

The triggering event for the 180 day time limitation set forth in this statute is the prisoner's delivery of a request for final disposition. Appellant did not make such a request in either of the trial court cases underlying this appeal, and thus R.C. 2941.401 does not apply in the instant case.  Appellant has therefore not demonstrated a reasonable probability of a change in the outcome had counsel raised this issue on direct appeal.

Appellant's second claim of ineffective assistance of appellate counsel is overruled.

State Record, ECF No. 10 at PAGEID # 359–62 (internal citations omitted).

As correctly outlined in the R&R, an ineffective assistance of appellate

counsel claim is considered under *Strickland v. Washington*, 466 U.S. 668

(1984).  *McGowan v. Burgess*, No. 23-1011, 2023 WL 4339296, at *3 (6th Cir.

June 9, 2023).  The "*Strickland* standard must be applied with scrupulous care,

lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary

process the right to counsel is meant to serve." *Harrington v. Richter*, 562 U.S.

86, 105 (2011) (citing *Strickland*, 466 U.S. at 690). Further, under AEDPA,

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential" . . . and when the two apply in tandem, review is "doubly" so[.] The *Strickland* standard is a general one, so the range of reasonable applications is substantial. . . . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Id.* (internal citations omitted).

Specifically for claims of ineffective assistance of appellate counsel, "the *Strickland* performance standard does not require an attorney to raise every non-frivolous issue on appeal." *McGowan*, 2023 WL 4339296, at *3 (internal quotation marks and citation omitted). Instead, "a petitioner must show that the omitted claim was stronger than the issues actually raised." *Id.* (internal quotation marks and citation omitted).

Petitioner's objections related to Ground One fail. Petitioner does not explain how the Fifth District's consideration of his ineffective assistance of counsel claim was unreasonable. Objs., ECF No. 20 & 23. Petitioner likewise offers nothing beyond conclusory statements for why his proposed arguments were "clearly stronger than issues that counsel did present." *McGowan*, 2023 WL 4339296, at *3 (internal quotation marks and citation omitted). Neither does the Court see how the proposed arguments would be stronger. Indeed, the Fifth

District essentially found that it would not have granted relief on these "omitted" assignments of error.  State Record, ECF No. 10 at PAGEID # 359–62.  In sum, Petitioner has not shown that the state court unreasonably concluded that Petitioner's appellate counsel was not ineffective.

Accordingly, Petitioner's objections to the R&R as to Ground One are overruled.

**B.    Grounds Two and Three**

In Ground Two, Petitioner asserts that his guilty plea was invalid.  Pet., ECF No. 6.  In Ground Three, Petitioner argues the state trial court lacked jurisdiction over his case because the case schedule violated Petitioner's rights under one of Ohio's speedy trial statutory provisions.  *Id.*  Both R&Rs conclude that Grounds Two and Three are procedurally defaulted.  R&Rs, ECF Nos. 19 & 22.  In the alternative, the R&Rs conclude that Grounds Two and Three fail on the merits.  *Id.*  Petitioner objects.  Objs., ECF Nos. 20 &. 23.  Petitioner does not address the R&R's conclusion on procedural default, but he argues the Grounds have merit.  *Id.*

A claim is procedurally defaulted if a "a habeas petitioner fails to obtain consideration of a claim by a state court," either because of "the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim[.]"  *Broom v. Mitchell*, 441 F.3d 392, 401 (6th Cir. 2006) (citation omitted).  Procedurally defaulted claims are "not

suitable for consideration by a federal court on habeas review[.]" *McGowan*, 2023 WL 4339296, at *3.

Here, Grounds Two and Three are procedurally defaulted. On his direct appeal to the Fifth District, Petitioner argued that he did not knowingly, intelligently, and voluntarily enter his plea, but he did not raise arguments about the statutory definition of "occupied structure." State Record, ECF No. 10 at PAGEID # 166–200. Petitioner did not appeal any speedy trial or jurisdictional issues to the Fifth District. *Id.* Petitioner similarly did not appeal any issues related to his guilty plea or the timeliness of his case to the Supreme Court of Ohio. *Id.* at PAGEID # 284–301. In his application to reopen the direct appeal, Petitioner argued only ineffective assistance of counsel. *Id.* at PAGEID # 322–52. Thus, Petitioner failed to raise Grounds Two and Three "before the state courts while state-court remedies [were] still available." *Broom*, 441 F.3d at 401 (citation omitted). As a result, Ground two are procedurally defaulted.

To the extent that Petitioner argues that he presented Grounds Two and Three in his application to reopen the direct appeal, that argument fails. True, in the application to reopen the direct appeal, Petitioner argued that his appellate counsel was ineffective for failing to raise the issues underlying Grounds Two and Three. That, however, did not save these grounds now.

To properly exhaust a claim (and, in so exhausting, avoid procedural default), a petitioner "must 'fairly present' the claim in each appropriate state court thereby alerting that court to the federal nature of the claim." *McKay v.*

*Genovese*, No. 22-5136, 2022 WL 19409797, at *3 (6th Cir. Aug. 8, 2022) (cleaned up).  A claim is "fairly presented" when "the petitioner presented both the factual and legal basis for his claim to the state courts." *Maze v. Lester*, 564 F. App'x 172, 178 (6th Cir. 2014) (quotation marks and citations omitted).  In other words, to "avoid a procedural default, the petitioner's federal habeas petition must be based on the same theory presented in state court and cannot be based on a wholly separate or distinct theory." *Carter v. Mitchell*, 693 F.3d 555, 568 (6th Cir. 2012) (citation omitted).

Here, Petitioner did not present the issues underlying Grounds Two and Three with the "same theory" he pursues in his habeas petition.  True, many facts Petitioner points to in Grounds Two and Three were encompassed by the application to reopen the direct appeal.  However, it is "not enough that all the facts necessary to support the federal claim were before the state courts." *Maze*, 564 F. App'x at 178 (quotation marks and citations omitted).  In sum, because Petitioner failed to "present the same claim under the same theory to the state and federal courts," his claim is procedurally defaulted. *Id.* at 179 (quotation marks and citations omitted).

A court may excuse procedural default if the petitioner shows "cause and prejudice." *Rogers v. Mays*, 69 F.4th 381, 395 (6th Cir. 2023).  Relevant here, "counsel's unconstitutional ineffectiveness in failing properly to preserve a claim for review in state court will suffice as "cause" to excuse a procedural default of

the unpreserved claim." *Henderson v. Mays*, No. 12-5028, 2023 WL 3347496, at *16 (6th Cir. May 10, 2023) (cleaned up).

As discussed above, Petitioner alleges his appellate counsel was ineffective. However, as also discussed above, that argument has no merit. When a petitioner advances a meritless claim of ineffective assistance of appellate counsel, that alleged ineffective assistance cannot be cause and prejudice to excuse procedural default. *See McCray v. Horton*, No. 21-1685, 2022 WL 16645278, at *4 (6th Cir. May 31, 2022) (explaining that the petitioner could not show cause and prejudice based on ineffective assistance of appellant counsel where the petitioner could not show his appellate counsel omitted meritorious arguments). Thus, to the extent that Petitioner argues his procedural default is excusable, such arguments fail.

In sum, Grounds Two and Three must be dismissed as procedurally defaulted.

## V.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

## VI.    CONCLUSION

For these reasons, Petitioner's objections are **OVERRULED**. Both R&Rs are **ADOPTED**. The Clerk is **DIRECTED** to enter judgment for Respondent and close the case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**